UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEX COLLINS**, : | |
| *Plaintiff,* : | No. 24-cv-5573-JMY |
| : | |
| vs. : | |
| : | |
| **PHILLIP TROTMAN, GREYHOUND** : | |
| **LINES, INC., ARTHUR SMILEY,** : | |
| **ORE VALLEY, LLC**, : | |
| *Defendants.* : | |

### MEMORANDUM

**Younge, J.**                                                                                          March 25, 2025

Currently before the Court is a partial *Motion to Dismiss for Failure to State a Claim* filed by Defendants, Arthur Smiley and Ore Valley, LLC. (*Partial Motion to Dismiss by Defendants Smiley and Ore Valley*, ECF No. 19.) Also before the Court is a *Motion for More Definite Statement and/or Motion to Dismiss for Failure to State a Claim* filed by Defendants, Greyhound Lines, Inc. and Phillip Trotman. (*Greyhound's Motion to Dismiss*, ECF No. 13.) The Court finds these Motions appropriate for resolution without oral argument. Fed R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, the Defendants' motions to dismiss will be denied in part and granted in part.

### I.  FACTUAL AND PROCEDURAL HISTORY:

Plaintiff initiated this lawsuit by Complaint filed on October 21, 2024. (*Complaint*, ECF No. 1.) Plaintiff filed an Amended Complaint on November 13, 2024. (*Amended Complaint*, ECF No. 9.) This case arises from a January 16, 2024, motor vehicle accident. Plaintiff was the passenger on a bus owned by Defendant, Greyhound Lines, Inc., and operated by Defendant, Phillip Trotman. (*Id.*) The Greyhound bus was traveling on I-76 westbound, at or near mile marker 300.7, in West Nantmeal Township, Pennsylvania when it struck a tractor-trailer owned

by Defendant, Ore Valley, LLC and operated by Defendant, Arthur Smiley.[1]  (*Amended Complaint*.)  Based on allegations in the pleadings, it would appear that the Greyhound bus either sideswiped the tractor-trailer or struck the tractor-trailer in the rearend.  (*Id.*; *Joint Report of Rule 26(f) Meeting* page 2, ECF No. 21.)  As a result of the automobile accident, Plaintiff alleges to have sustained serious and permanent personal injuries and damages, including injuries to his upper and lower back and whiplash.  (*Amended Complaint* ¶ 19.)

## II.     LEGAL STANDARD:

### A.     Legal Standard for Motion for More Definite Statement under Fed. R. Civ. P. 12(e):

Fed R. Civ. Pro. 12(e) states that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  Fed R. Civ. P. 12(e).  Under Rule 12(e), a defendant may move for a more definite statement "if a pleading…is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  The Rule 12(e) motion shall point out the defects complained of and the details desired.  *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 514 (2002); *In Thomas v. Independence Twp.,* 463 F.3d 285 (3rd Cir. 2006).  The Third Circuit Court of Appeals has written that, "when a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific defense."  *Thomas*, 463 F.3d at 300.  The filing of a motion for more definitive statement under Rule 12(e) is a procedural tool available to a defendant to obtain the factual basis underlying a plaintiff's claim for relief, so that the defendant can form a response.  *Id.*

---

[1] Plaintiff avers that Defendant Smiley was operating a tractor-trailer at the time of the accident. (*Amended Complaint.*)  However, Defendant Smiley alleges that he was operating a van. (*Partial Motion to Dismiss by Defendants Smiley and Ore Valley, LLC,* Page 1, ECF No. 19-2.)

B.  **Legal Standard for Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6):**

The standard for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'"  *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Thus, this Court must examine Plaintiff's claims to determine whether it can infer that Defendants are liable for the alleged misconduct.

III.  **DISCUSSION:**

Defendants, Greyhound Lines, Inc. and Phillip Trotman, filed a combined motion for more definitive statement under Fed. R. Civ. P. 12(e) and a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  (*Motion for More Definite Statement and/or Motion to Dismiss for Failure to State a Claim*.)  In their motion to dismiss, the Greyhound Defendants seek dismissal of paragraphs in the Amended Complaint that set forth claims based on theories of corporate negligence.  (*Id.*)  The Greyhound Defendants also seek dismissal of Plaintiff's request for first party medical benefits.  (*Id.*)  Defendants Ore Valley, LLC, and Arthur Smiley seek dismissal of claims for corporate negligence.  (*Motion to Dismiss for Failure to State a Claim*.)

3

A. **Motion for More Definite Statement filed by Greyhound Lines, Inc., and Phillip Trotman:**

The motion for a more definitive statement filed by Defendants, Greyhound Lines, Inc. and Phillip Trotman, under Fed. R. Civ. Pro. 12(e) will be denied. As previously explained in the legal standard set forth above, Fed. R. Civ. P. 12(e) dictates that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definitive statement before interposing a responsive pleading. Fed. R. Civ. P. 12(e). Fed. R. Civ. P. 8(a)(2), requires merely that Plaintiff's Complaint sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U. S. 41, 47.

The Amended Complaint filed in this matter adequately sets forth factual averments to permit Defendants to form a response to the legal theories asserted by Plaintiff. Plaintiff's Amended Complaint describes an automobile accident in which Defendant Trotman was operating a Greyhound bus with passengers onboard when he drove into a truck/van that was being operated by Defendant, Arthur Smiley. Plaintiff alleges personal injuries that were caused by the negligence and corporate negligence of Defendants. Plaintiff also asserts claims for vicarious liability. The Amended Complaint sets forth factual allegations in numbered paragraphs that support the legal theories asserted by Plaintiff. Defendant Trotman, who was the operator of the Greyhound bus at the time of the accident, should be able to answer questions about his potential negligence in causing the automobile accident. Therefore, Defendants' motion for a more definitive statement will be denied.

B.  **It Would Be Premature to Dismiss Claims for Corporate Negligence in the Initial Pleadings Stages of this Litigation:**

Defendants argue that legal theories of corporate negligence – negligent entrustment, hiring, training, supervision and/or retention – should be dismissed from this action because Plaintiff also asserts claims for vicarious liability based on legal theories of respondeat superior. Defendants argue that under controlling Pennsylvania law "a plaintiff cannot pursue a claim against an employer for negligent entrustment, hiring, supervision, or training when the employer admits that its employee was acting within the scope of employment when the accident occurred" *Achey v. Crete Carrier Corp.*, No. 07-cv-3592, 2009 WL 9083282, at *8 (E.D. Pa. Mar. 30, 2009) (citing *Holben v. Midwest Emery Freight System, Inc.*, 525 F.Supp. 1224, 1224-1225 (W.D. Pa. 1981)) (holding that claims for negligent supervision and negligent hiring must be dismissed where employer concedes agency relationship and no punitive damages claim exists). The rationale is that the employer's liability is a derivative claim fixed by a determination of the employee's negligence. *Id.*

In accordance with the argument made by Defendants, courts located in Pennsylvania that follow the majority rule have determined that evidence of negligent hiring, training, supervision or retention becomes unnecessary, irrelevant, and prejudicial if the employer has already admitted vicarious liability under a theory of respondeat superior. *Sterner*, 2013 WL 6506591, at *3 (quoting *Zibolis-Sekella v. Ruehrwein*, No. 12-cv-228, 2013 WL 3208573, at *2 (D.N.H. June 24, 2013)); *See, e.g., Villagran v. Freightbull, Inc.,* 2023 U.S. Dist. LEXIS 184637 (E.D. Pa. Oct. 12, 2023); *Dragone v. Pew*, 621 F. Supp. 3d 561, 566 (E.D. Pa. 2022); *Carson v. Tucker*, 530 F. Supp. 3d 560, 563 (E.D. Pa. 2021); *see also Calhoun v. Van Loon*, No. 12-cv-458, 2014 WL 3428876, at *4 (M.D. Pa. July 11, 2014); *Sterner v. Titus Transp., LP*, No. 10-cv-2027, 2013 WL 6506591, at *3-4 (M.D. Pa. Dec. 12, 2013); *Allen v. Fletcher*, No. 07-cv-722, 2009

WL 1542767, at *4-5 (M.D. Pa. June 2, 2009); *Fortunato v. May*, No. 04-cv-1140, 2009 WL 703393, at *5 (W.D. Pa. Mar. 16, 2009).  The lone exception to this general rule permits a direct liability claim on a theory of corporate negligence to proceed against an employer who has admitted agency "when a plaintiff has a valid claim for punitive damages." *See id.* (quoting *Sterner v. Titus Transp., LP*, No. 10-cv-2027, 2013 WL 6506591, at *3 (M.D. Pa. Dec. 12, 2013).

The Court will deny Defendants' motions to dismiss legal theories of corporate negligence from this action because there is nothing to establish that Defendants have agreed to accept vicarious liability for Defendants Trotman and Smiley.  Defendants have yet to file an answer or stipulation in which they admit that Defendant drivers were their employees who were acting in the course and score of their employment when the accident occurred.  Equally there is nothing in the pleadings to establish that Defendants will concede vicarious liability based on allegations of respondeat superior.  Therefore, Defendants have failed to establish that the case law cited in their motions to dismiss is applicable to this litigation in its current procedural stage.

In its motion to dismiss, Defendant Greyhound Lines, Inc., merely concedes that "it may be found vicariously liable for its driver." (*Greyhound's Motion to Dismiss* page 7.)  The mere fact that Defendants agreed to have a question about vicarious liability (respondeat superior) placed on the verdict sheet is insufficient grounds for the Court to grant Defendants' motion to dismiss legal theories of corporate negligence in the infancy of this litigation.  Defendant, Ore Valley, seems to take issue with the fact that Plaintiff pled legal theories of corporate negligence and vicarious liability which it asserts are conflicting, improper competing theories of negligence under Pennsylvania law.  (*Partial Motion to Dismiss by Defendants Smiley and Ore Valley* page 4-5.)  However, under Pa. R. Civ. P. 1020(c), "causes of action . . . may be plead in the

alternative." Fed. R. Civ. P. 8(d)(2) also permits parties to pursue alternative theories of recovery. Fed. R. Civ. P. 8(d)(2) ("A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). Therefore, Defendants motion to dismiss direct liability theories of corporate negligence – negligent entrustment, hiring, training, supervision or retention – will be denied.

C.    **Motion to Dismiss Plaintiff's Request for First Party Benefits from Defendants Greyhound Lines, Inc. and Philip Trotman:**

The Defendants, Greyhound Lines and Philip Trotman, have moved to dismiss portions of the Amended Complaint in which Plaintiff alleges entitlement to first party benefits. The Greyhound Defendants argument in this regard is based on the concept that Greyhound is excluded from the requirement of providing first party medical benefits because its fleet of vehicles is not registered in Pennsylvania. In support of their argument, the Greyhound Defendants cite to the Public Utility Commission regulations, 52 Pa. Code § 1.1 *et seq.*, and the Federal Transportation Code, 49 U.S.C.A. § 10101, *et seq.*, which dictate that the question of first party benefits be deferred to the Pennsylvania Motor Vehicle Financial Responsibility Law (hereinafter "MVFRL"), 75 Pa.C.S.A. §1701, *et seq*. In accordance with the MVFRL, "the requirement of coverage for medical benefits, according to the terms of the statute, is applicable only to motor vehicles registered and operated in the Commonwealth[,]" so long as reciprocity exists between Pennsylvania and the state of registration. *Jarrett v. Pennsylvania Nat. Mut. Ins. Co.*, 584 A.2d 327, 329 (Pa. Super. 1990) (quoting *Boone v. Stonewall Ins. Co.*, 554 A.2d 968, 970 (Pa. Super. 1989)).

Plaintiff challenges Defendants' motion to dismiss his request for first party medical benefits by arguing that the Greyhound Defendants' motion is premature. Plaintiff argues that without the benefit of engaging in discovery, he cannot determine for a fact where Greyhounds'

7

fleet of buses is registered.  However, the Court will accept the representation made by Greyhound in its motion to dismiss – that the bus involved in the accident at issue was not registered in Pennsylvania.  Plaintiff can make a renewed request for first party medical benefits if discovery reveals that Greyhound's representations in this regard were mistaken or somehow erroneous.  Therefore, the Court will dismiss Plaintiff's request for first party medical benefits without prejudice.

### IV.   CONCLUSION:

For the reasons discussed hereinabove, the motions to dismiss filed by Defendants will be granted in part and denied in part.  The Court will enter an Order that is consistent with the discussion in this Memorandum.

**BY THE COURT**:

   /s/ Judge John Milton Younge
Judge John Milton Younge